**IT IS ORDERED as set forth below:**



Date: May 26, 2017

_____

**W. Homer Drake**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
|  | : |  |
| DONNA FAYE GOOLSBY, | : | 14-12461-WHD |
|  | : |  |
|  | : | IN PROCEEDINGS UNDER |
|  | : | CHAPTER 7 OF THE |
| Debtors. | : | BANKRUPTCY CODE |

**ORDER**

Two matters are currently before the Court concerning the above-styled bankruptcy case: The Trustee's Final Report and Application for Compensation (Doc. No. 68), and the Trustee's Request for Sanctions, which was included within the Trustee's Response to Debtor's Objection to the Trustee's Proposed Distribution (Doc. No. 76).

## Background

The Debtor filed the instant case on October 31, 2014, and James G. Baker (hereinafter the "Trustee") was appointed trustee for the Debtor's bankruptcy estate. In the course of the case, the Trustee was able to recover $50,000 for the estate. Those funds were the proceeds of a settlement agreement between the Trustee and the Debtor and her father relating to a potential fraudulent transfer. The Trustee had hired R. Brian Wooldridge, with the Court's approval, to assist him in prosecuting that matter. Total general unsecured claims in the case were $52,091.70.

The Trustee filed his Final Report and Application for Compensation on April 27, 2017. In the application, the Trustee requested the following:

1. Compensation in the amount of $5,750 and expenses of $19.95 to James G. Baker as Trustee;
2. Compensation in the amount of $1,917.50 and expenses of $99.79 to James G. Baker as attorney for the Trustee;
3. Compensation in the amount of $960 and expenses of $39.85 to Stonebridge Accounting & Forensics, LLC, as accountants for the Trustee; and
4. Compensation in the amount of $15,177.50 and expenses of $611.75 to R. Brian Wooldridge as attorney for the Trustee.

The Debtor filed an objection to the Trustee's Final Report and Application for Compensation on May 18, 2017. The Debtor argued that she had always

intended to settle the fraudulent transfer matter, and, therefore, Mr. Wooldridge should not be compensated for time he spent preparing an adversary proceeding for filing. The Debtor withdrew this objection at 4:39 PM on May 23, 2017, the day before the scheduled hearing on the Trustee's Final Report and Application for Compensation.

At 5:55 PM on May 23, 2017, Mr. Wooldridge, on behalf of the Trustee, filed a response to the Debtor's objection. In the response, Mr. Wooldridge goes into detail concerning his interactions with the Debtor's counsel regarding the fraudulent transfer matter. In particular, Mr. Wooldridge contends that neither he nor the Trustee received any settlement offers before he prepared the adversary proceeding. He also notes that the deadline to file the action was approaching. Having presented his arguments, Mr. Wooldridge requests that the Court impose Mr. Wooldridge's costs of preparing the response on the Debtor and her counsel pursuant to Federal Rule of Bankruptcy Procedure 9011.

These matters were heard on May 24, 2017, at 10:10 AM. After hearing from representatives from the parties, the Court took the matters under advisement. The Court now concludes as set forth below.

**Discussion**

A. The Trustee's Final Report and Application for Compensation

The Debtor's objection to the Trustee's Final Report and Application for Compensation having been withdrawn, there being no other opposition made at the hearing, and it appearing that the amounts stated in the Trustee's Final Report and Application for Compensation are reasonable, the Court will approve the fees and expenses as requested.

B. The Trustee's Request for Sanctions

Turning now to the issue of sanctions, Rule 9011 imposes the baseline of conduct required of those who submit papers to the Court.  An attorney, or an unrepresented person, who submits a paper to the Court

> is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factually contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b). If any of those terms are violated, a court may impose sanctions "upon the attorneys, law firms, or parties that have violated [the Rule] or are responsible for the violation." Fed. R. Bankr. P. 9011(c).

Rule 9011 has specific procedures concerning how a party must initiate an action for sanctions. When a party desires to request sanctions by motion, the motion "shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate [the Rule]." Fed. R. Bankr. P. 9011(c)(1)(A). Additionally, "[t]he motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper…is not withdrawn or appropriately corrected…." *Id.* This provides a "safe harbor" for parties, and a court cannot grant a motion for sanctions under Rule 9011 if a party does not comply with this provision. *See Rucker v. Conseco Fin. Servicing Corp. (In re Rucker)*, 278 B.R. 262, 266 (Bankr. M.D. Ga. 2001) (declining to award sanctions under Rule 9011 in a situation in which movant had served the motion only a day before filing it with the court).

5

Here, the Trustee has not complied with the safe harbor provision. The certificate of service attached to the Trustee's filing shows that it was served on May 23, 2017, the same day it was filed with the Court. And even if he had waited, the request for sanctions was not made independently of other requests, and, by the time the Trustee filed his response, the Debtor had withdrawn the "challenged paper." Consequently, the Court will not consider sanctions under Rule 9011.

However, this does not preclude the Court from considering whether to impose sanctions pursuant to its inherent powers. *See In re Rucker*, 278 B.R. at 266-67. Among a court's inherent powers is the "power to assess attorney's fees against a party or counsel that has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 267. Espousing a frivolous argument constitutes bad faith, as does making even a meritorious claim solely for the purpose of harassment. *See Walker v. Clearpoint Fin. Solutions, Inc. (In re Walker)*, 414 B.R. 787, 791 (Bankr. M.D. Fla. 2009). Therefore, if the Court finds that the Debtor's objection to the Trustee's Final Report and Application for Compensation was frivolous or filed purely as a means of harassing the Trustee, the Court may impose the Trustee's costs in defending himself on the Debtor and her counsel.

An argument is frivolous when it lacks a reasonable basis in fact, or is "based

6

on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law." *See Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) (discussing frivolity in the context of Federal Rule of Civil Procedure 11). Concerning factual inadequacy, sanctions are appropriate in situations in which the party has exhibited "a 'deliberate indifference to obvious facts,'" but "they are not warranted when the [party's] evidence is merely weak." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (quoting *Davis v. Carl*, 906 F.2d 533, 537 (11th Cir. 1990)).

Considering these requirements, the Court does not find that the Debtor or her counsel acted with bad faith sufficient to warrant the imposition of sanctions. The Debtor's objection was not so unfounded or lacking a basis in law as to be frivolous. The Debtor was objecting to the reasonableness of Mr. Wooldridge's fees in light of alleged settlement negotiations. This is not so far-fetched of an objection as to constitute bad faith. While the Trustee's response to the objection and the emails attached to his response, which were admitted into the record without objection, make a case that the Debtor's allegations are weak, those allegations are not without *any* legitimacy, particularly when one considers that determining "reasonableness" is necessarily a case-by-case and fact-intensive inquiry. *See generally Taylor v. Des*

7

*Moines Savs. and Loan Ass'n (In re Urban Am. Dev. Co.)*, 564 F.2d 808, 809 (8th Cir. 1977) ("What constitutes 'reasonable compensation' depends in each case on the facts and circumstances concerning the trustee's services and the particular reorganization proceeding.").

Concerning a basis in law, the Debtor's standing to make the objection is an issue due to the fact that there are no surplus funds in this case in which the Debtor could claim an interest. *See In re Matthews*, No. 10-96519-MGD, 2014 WL 1277874, at *3 (Bankr. N.D. Ga. Mar. 11, 2014) (Diehl, J.) ("Courts generally agree that a debtor has no standing to object to the manner in which the trustee administers the bankruptcy estate, except in the case where a surplus is in prospect."); *see also Baker*, 158 F.3d at 524 (footnote omitted) ("Sanctions may be appropriate when the plain language of an applicable statute and the case law preclude relief."). However, the Debtor owes a non-dischargeable student-loan debt, which some courts have concluded would give her standing. *See In re Matthews*, 2014 WL 1277874, at *3 (noting the disagreement between courts on that question). Thus, whether the Debtor had standing was at least an open question.

Finally, as to intent to harass, the Court is not convinced that the Debtor has acted in bad faith in filing the objection. Consequently, the Court declines to

8

impose sanctions.

## Conclusion

In accordance with the foregoing, it is hereby **ORDERED** that compensation in the amount of $5,750 and expenses of $12.95 are allowed to James G. Baker as trustee; compensation in the amount of $1,917.50 and expenses of $99.79 are allowed to James G. Baker as attorney for the trustee; compensation in the amount of $960 and expenses of $39.85 are allowed to Stonebridge Accounting & Forensics, LLC, as accountants for the trustee; and compensation of $15,177.50 and expenses of $611.75 are allowed to R. Brian Wooldridge as attorney for the trustee.

**IT IS FURTHER ORDERED** that the Trustee's Request for Sanctions is **DENIED**.

## END OF DOCUMENT

## Distribution List

**Debtor**
Donna Faye Goolsby
440 Kelly Loop Road
Buchanan, GA 30113

**Debtor's Counsel**
Rita D. Carroll
317-B Bankhead Highway
P.O. Box 679
Carrollton, GA 30112

**Trustee**
James G. Baker
305 North Greenwood Street
LaGrange, GA 30240

**Trustee's Counsel**
R. Brian Wooldridge
Mann & Wooldridge
28 Jackson Street
PO Box 310
Newnan, GA 30264-0310

**U.S. Trustee**
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

**Accountants**
Spence A. Shumway
Stonebridge Accounting & Forensics, LLC
P.O. Box 1290
Grayson, GA 30013